**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **MARCO NAVARRO,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | **NO.  3:13-cv-00040-RFC** |
| | § | |
| **CAROLYN W. COLVIN,**[1] | § | |
| **Acting Commissioner of Social Security** | § | |
| **Administration,** | § | |
| **Defendant.** | § | |

**MEMORANDUM OPINION AND ORDER**

This is a civil action seeking judicial review of an administrative decision. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c), and Rule CV-72 and Appendix C to the Local Court Rules for the Western District of Texas.

Plaintiff appeals from the decision of the Commissioner of the Social Security Administration (Commissioner) denying his applications for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act.  Plaintiff, who was born on June 10, 1959, was nearly 51 years old as of his alleged onset date of July 9, 2010, and was 52 years old at the time of the ALJ's decision.  (R:115)  He is able to communicate in English and attended school through the twelfth grade.  (R:166, 167)  He has past relevant work experience as a fork lift driver and as a truck driver.  (R:168, 173)  For the reasons set forth below, this Court orders that the Commissioner's decision be AFFIRMED.

---

[1] Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Fed. R. Civ. P. 25(d), she is substituted as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of §205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**PROCEDURAL HISTORY**

On August 26, 2010, Plaintiff filed applications for DIB and SSI, disability alleging a disability onset date of July 9, 2010.  (R:115, 124)  His applications were denied initially and on reconsideration.  (R:55-62)  Plaintiff filed a request for a hearing, which was conducted on February 16, 2012.  (R:22-54)  The Administrative Law Judge ("ALJ") issued a decision on February 29, 2012, denying benefits.  (R:7-21)  The Appeals Council denied review.  (R:1-6)

**ISSUES**

Plaintiff presents the following issues for review:

1.      Whether the final decision of the Commissioner denying benefits is supported by substantial evidence; and

2.      Whether the ALJ's finding that Plaintiff can perform other work existing in significant numbers in the national economy was made contrary to law.

 Plaintiff contends the following:  The ALJ's fifth step finding that Plaintiff can perform other work existing in significant numbers in the national economy was made in error.  (Pl.'s Br. at 3)  By relying on this error to reach the fifth step conclusion, the Commissioner has failed to meet her burden of proof at step five of the sequential evaluation process.  Hence, the ALJ's decision is not supported by substantial evidence.  (Pl.'s Br. at 6-7)  Defendant responds by asserting that substantial evidence does in fact exist to support the fifth step finding, that no legal error was committed by the Commissioner, and that Plaintiff should not be permitted at this juncture to contest the vocational expert's (VE) testimony because the choice was made by counsel not to explore Plaintiff's limitations from overhead reaching in his right arm by cross-examination at the hearing before the ALJ.  (Def.'s Br. at 8)

2

## DISCUSSION

### *I. Standard of Review*

This Court's review is limited to a determination of whether the Commissioner's decision is supported by substantial evidence, and whether the Commissioner applied the proper legal standards in evaluating the evidence. *See* 42 U.S.C. § 405(g); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). Substantial evidence "is more than a mere scintilla, and less than a preponderance." *Masterson*, 309 F.3d at 272. The Commissioner's findings will be upheld if supported by substantial evidence. *Id.* A finding of no substantial evidence will be made only where there is a conspicuous absence of credible choices or no contrary medical evidence. *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988).

In applying the substantial evidence standard, the court may not reweigh the evidence, try the issues *de novo*, or substitute its own judgment for the Commissioner's, even if it believes the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. Conflicts in the evidence are for the Commissioner and not the courts to resolve. *Id.*; *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

### *II. Evaluation Process*

The ALJ evaluates disability claims according to a sequential five-step process: 1) whether the claimant is currently engaged in substantial gainful activity; 2) whether the claimant has a severe medically determinable physical or mental impairment; 3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart B, Appendix 1; 4) whether the impairment prevents the claimant from performing past relevant work; and 5) whether the impairment prevents the claimant from doing any other work. 20 C.F.R. § 404.1520. The

claimant bears the burden of proof at the first four steps of the analysis. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). If the claimant is successful at all four of the preceding steps, the burden shifts to the Commissioner to prove, considering claimant's residual functional capacity ("RFC"), age, education and past work experience, that he is capable of performing other work. If the Commissioner proves other work exists which the claimant can perform, the claimant is given the chance to prove that he cannot, in fact, perform that work. *See Masterson,* 309 F.3d 267, 271-272.

In the present case, the ALJ first determined that Plaintiff had not engaged in substantial gainful activity since July 9, 2010, the alleged onset date. (R:12) At step 2, the ALJ found that Plaintiff had severe impairments of: obesity; tendinopathy partial tear of the rotator cuff right shoulder; and lumbar post-laminectomy syndrome. (R:12) The ALJ further found that Plaintiff had non-severe impairments of mild cervical disc disease; hypertension; dyslipidemia; obstructive sleep apnea; tobacco abuse; and alcohol abuse. (R:13) At step three, he concluded that none of Plaintiff's impairments, either alone or in combination, met or medically equaled the listed impairments. (R:13) The ALJ determined that Plaintiff's allegations regarding his limitations were not fully credible. (R:16) After considering the entire record, he determined that he retained the functional capacity to perform light work, except that he cannot engage in overhead reaching with the right dominant upper extremity. (R:13) At step four, the ALJ concluded that Plaintiff could not perform his past relevant work. (R:16) At step five, after considering the Plaintiff's residual functional capacity, age, education, and work experience in conjunction with the Medical-Vocational Guidelines, 20 CFR Part 404, Subpart P, Appendix 2, and based on the testimony of the VE, the ALJ concluded that Plaintiff would be able to perform the requirements of representative occupations such as cashier—Dictionary of Occupational Titles (DOT) 211.462-010; light and Specific Vocation

4

Preparation (SVP 2— and host—DOT 293.357-018; light and SVP 2. (R:16-17) Consequently, he found that Plaintiff was not disabled through the date of the decision.

### III. The ALJ's Determination of Plaintiff's Residual Functional Capacity

A Plaintiff's RFC is the most that individual can still do despite his limitations. 20 C.F.R. § 404.1545; Social Security Ruling ("SSR") 96-8p. The responsibility to determine the Plaintiff's RFC belongs to the ALJ. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). In making this determination, the ALJ must consider all the record evidence and determine the Plaintiff's abilities despite his physical and mental limitations. *Martinez*, 64 F.3d at 176. The ALJ must consider the limiting effects of an individual's impairments, even those that are non-severe, and any related symptoms. *See* 20 C.F.R. §§ 404.1529, 404.1545; SSR 96-8p. The relative weight to be given the evidence is within the ALJ's discretion. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001). The ALJ is not required to incorporate limitations in the RFC that he did not find to be supported in the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988).

In arriving at his RFC determination, the ALJ relied primarily on the medical evidence in this case. This includes the case analysis form provided by state agency physician Dr. Laurence Ligon, which concluded that Plaintiff was able to perform light work. (R:15, 244-251) State agency physician Randal Reid also arrived at the same conclusion. (R:15, 252-253) The Plaintiff's treating physician, Dr. Tomy Montanez, provided a statement on December 12, 2011, indicating that Plaintiff had been diagnosed with hypertension, dyslipedmia, obesity, chronic low blood pressure and sleep apnea. (R:254) Nevertheless, Dr. Montanez reported no functional limitations due to the conditions. *Id*. On the basis of a review of the entire record, which made clear that there were limitations stemming from Plaintiff's right shoulder condition, to include a partial tear of the rotator cuff

5

(R:229), the ALJ determined that Plaintiff could not engage in overhead reaching with the right dominant upper extremity. (R:13)

Plaintiff contends that the ALJ committed reversible error when he relied upon VE testimony that conflicted with the DOT without obtaining a reasonable explanation for the conflict. (Pl.'s Br. at 5-6) Because the ALJ limited Plaintiff to no overhead reaching, he is unable to perform work as a cashier or as a host, because both of these positions require "frequent" reaching. (Pl.'s Br. at 4) Plaintiff argues that the evidence in the record supports and the ALJ acknowledges that Plaintiff has severe tendinopathy partial tear of the rotator cuff of the right shoulder which significantly limits his reaching ability. (Pl.'s Br. at 4) Plaintiff further argues that SSR 00-4p requires the ALJ to elicit a reasonable explanation for conflicts existing between a VE's testimony and the information included in the DOT. (Pl.'s Br. at 5) The ruling requires that when the vocational evidence is not consistent with the information in the DOT, the ALJ must resolve the conflict before relying on the VE evidence to support a determination that the individual is or is not disabled. (Pl.'s Br. at 5) The ALJ erred in concluding that no conflict exists between the VE's testimony regarding the jobs compatible with Plaintiff's limitation(s) and the requirements of the jobs under the DOT. (Pl.'s Br. at 6)

Plaintiff's contentions are without merit. SSR 00-4p states that occupation testimony provided by a VE should generally be consistent with that of the DOT. At the hearing level, as part of the ALJ's duty to fully develop the record, the ALJ should inquire whether or not there is consistency between the VE evidence and the DOT. SSR 00-4p.

In this case, the VE's clear and unchallenged testimony was that Plaintiff could perform the jobs of cashier and host. (R: 51) The ALJ complied with his obligation under Ruling 00-4p by asking the VE whether her testimony was consistent with the DOT. *Id*. Her answer was

unequivocally in the affirmative. *Id*. Since Plaintiff's counsel failed to inquire further into this issue, there was no apparent unresolved conflict between the VE evidence and the DOT at that point. Hence, the ALJ's conclusion that the vocational expert's testimony is consistent with the information contained in the DOT. (R:17)

This is not a case involving a direct or obvious conflict between the VE's testimony and the DOT such as takes place when the VE's characterization of the exertional or skill level required for a particular job is facially different from the exertional or skill level provided for the job in the DOT. Nor does any other similar conflict exist. At most, the argument relates to an implied conflict between the VE's testimony and the DOT. For example, nothing in the DOT's job descriptions indicates that any overhead reaching is required for either the job of host or cashier. There is not necessarily a conflict inasmuch as both jobs contain only non-specific reaching requirements–not overhead reaching requirements. *See Byrd v. Apfel*, No. 98-1781, 1998 WL 91178 at *6 (4th Cir. 1998). In a similar vein, the ALJ in this case did not preclude all overhead reaching–the limitation was with respect to the right dominant upper extremity only. *See* (R:13); *see also e.g., Canton v. Astrue*, No. 08-CV-3038 (NGG)(JO), 2010 WL 5391184 at *7 (E.D.N.Y. Dec. 22, 2010) (where both hands are required to perform a job, the DOT has not been shy in saying so).

In a case where a claimant suffers from additional limitation(s) that make the Medical-Vocational Guidelines inapplicable, the Commissioner must rely upon the services of a VE or other similar evidence. *Carey v. Apfel*, 230 F.3d 131, 145 (5th Cir. 2000). That is in fact what took place in this case and led to the ALJ's step five conclusion. The Court declines to reverse the Commissioner's determination on the basis of an implied conflict between the VE's testimony and the DOT.

Alternatively, Plaintiff should not be allowed to scan the record for implied or unexplained conflicts between the precise testimony of the VE and the voluminous provisions of the DOT and then present that conflict as reversible error, when the conflict was not deemed sufficient to merit adversarial development in the hearing before the ALJ. *Carey,* 230 F.3d at 146-147. Plaintiff's counsel had a full opportunity to cross-examine the VE on the effects of Plaintiff's limitation on his ability to perform the jobs of host and cashier. (R:51) Instead, the testimony remained unchallenged in this area. (R:51-52) In so doing, Plaintiff failed to pursue the nature and extent of any purported conflict between the VE's testimony and DOT job requirements at that time. The principle enunciated in *Carey* controls in this case and bars Plaintiff from obtaining the relief he seeks.

A review of the entire record supports the ALJ's findings and RFC determination. The VE's testimony constitutes substantial evidence that Plaintiff is capable of performing other work existing in significant numbers in the national or regional economy, thus satisfying the Commissioner's burden at step five of the sequential evaluation process. Plaintiff's subjective complaints are insufficient to support his claims of disability. Finally, the Court adjudges that no reversible error was committed by the ALJ, and that no award of benefits is warranted.

## CONCLUSION

Based on the foregoing, the Court hereby ORDERS that the decision of the Commissioner be AFFIRMED consistent with this opinion.

**SIGNED** and **ENTERED** on September 30, 2014.

ROBERT F. CASTANEDA
UNITED STATES MAGISTRATE JUDGE

9